## Estate of William Wikoff Smith

*P. J. DiQuinzio, Barbara W. Freedman, Eileen Kennedy,* for appellant.
*Barbara Ann Duffy,* for Commonwealth.

TAXIS, *J.,* November 23, 1982—The matter presently before this court is an appeal by George J. Hauptfuhrer, Jr. (appellant), administrator pro tem of the estate of William Wikoff Smith (estate), from an inheritance tax assessment issued by the Commonwealth of Pennsylvania, Department of Revenue (department), on May 25, 1982, wherein the department disallowed certain deductions claimed by appellant on the estate's amended and restated statement of debts and deductions.

Decedent, William Wikoff Smith, died on January 11, 1976, leaving a will dated March 6, 1968, and a codicil thereto dated June 8, 1973, wherein he named his wife, Mary L. Smith, as executrix. Under the terms of his will, decedent created a marital trust limited to 40 percent of his adjusted gross estate. Mrs. Smith, however, elected to take against the will, and thereby became entitled to receive one-third of the estate outright.

Decedent also created a charitable and a residuary trust, each to receive one-half of the residuary estate before the payment of death taxes. Death taxes were to be paid out of the principal of the residuary trust, the beneficiaries of which were decedent's children and grandchildren. The major asset of the estate consisted of stock in Kewanee Industries, Incorporated.

On Ocotber 16, 1976, the executrix filed the estate's Federal estate tax return and Pennsylvania inheritance tax return wherein the gross taxable estate was figured at $48,744,268.72. The Kewanee stock represented $45,329,302.41 of this figure, the shares being valued at approximately

$13.4268 apiece, based on the price the stock was traded on the American Stock Exchange on the working days immediately before and after decedent's death, reduced by a discount for blockage.

In August 1977, the estate made a partial distribution of the stock to the charitable trust, the remainder was sold at $47.50 per share to a wholly owned subsidiary of Gulf Oil Company.

In April 1978, the executrix filed the estate's Federal and Pennsylvania income tax returns wherein she asserted that the estate tax value of the stock had been erroneously computed and that the true value should have been $47.50 per share. The executrix, therefore, used $47.50 as the estate's basis for the stock and reported no gain or loss on the sale.

In May 1978, the I.R.S. proposed a Federal estate tax deficiency based on a valuation of the stock at $44.10 per share. This proposed increased estate tax valuation would have increased the Federal estate tax liability, but would have decreased the Federal income tax liability, by increasing the basis of the stock, and thereby decreasing the capital gain realized on the 1977 sale.

Pursuant to the provisions of decedent's will, the Federal estate and state death taxes were to be borne solely by the beneficiaries of the residuary trust (of which the executrix was not one). In contrast, income taxes were to be borne equally between the residuary trust and Mary L. Smith. Since the executrix was not a residuary trust beneficiary, she had a personal interest in obtaining a higher valuation of the stock for estate tax purposes, thereby decreasing the estate's income tax liability. For this reason the beneficiaries of the residuary trust petitioned to have Mary L. Smith relieved as executrix.

By decree dated January 30, 1979, this court relieved the executrix of all responsibility and authority with respect to the determination of the estate's Federal and state death taxes and its 1977 Federal and state income taxes, and appointed the appellant, George J. Hauptfuhrer, Jr., as administrator pro tem, with the authority to act in the above-mentioned matters.

Subsequent to his appointment, appellant took the necessary steps to preserve the Estate's position with respect to the I.R.S.'s proposed increases to the Estate's Federal estate tax and 1977 Federal income tax, resulting from adjustments made by the I.R.S. to the value of the Kewanee stock. Appellant filed a petition in the United States Tax Court to prevent the estate from being required to pay the assessed deficiency and thereafter entered into negotiations with the I.R.S. appeals officer concerning the Kewanee stock.

On January 25, 1980, Mary Smith filed a motion to intervene in the tax court proceeding. Appellant believing Mrs. Smith's intervention and participation in the tax court proceeding would not be in the best interest of the estate, opposed her motion and as a result all settlement negotiations between appellant and the I.R.S. were suspended until August 11, 1981, when the tax court issued an order denying Mary Smith's motion to intervene.

Appellant resumed negotiations with the I.R.S. appeals officer and a tentative settlement, subject to this court's approval, was reached on October 21, 1981. By adjudication dated March 23, 1982, this court approved the proposed settlement of $31 per share, and on April 28, 1982, the deficiencies were paid.

On the basis of this settlement, appellant filed an amended and restated Pennsylvania Inheritance

Tax Return, listing the following figures: gross taxable estate, $108,080,506.35; administration expenses, $14,008,078.35; debts of decedent, $2,261,307.47. These figures were contrasted with the original return which listed a gross taxable estate of $48,744,268.72 and debts of decedent and administrative expenses of $2,759,806.39. '

The Department of Revenue in its notice of assessment dated May 25, 1982, allowed a deduction for administrative expenses of $4,783,185.75, and nothing for decedent's debts. Thereafter, the department notified appellant that the allowable deduction of $4,783,185.75 for administrative expenses included the $2,261,307.47 deduction for decedent's debts.

The Department disallowed the following claimed deductions amounting to $11,486,300.07: (1) Interest on the estate's tax deficiencies incurred primarily during the period the estate was contesting the amount of those deficiencies. This interest amounted to $9,762,251.51 and consisted of the following:

(a) Interest of $2,858,768.51 on the estate's estate tax deficiency;

(b) Interest of $6,309,483 on the estate's income tax deficiency; and

(c) Interest of $594,000 on the estate's Pennsylvania inheritance tax deficiency.

(2) Other interest incurred by the estate in the amount of $623,418,32 consisting of:

(a) Interest of $63,684.32 on debts of decedent incurred after his death, including a 1976 Federal income tax deficiency;

(b) Interest of $559,734 incurred on the estate's reported taxes and on debts incurred by the estate in order to pay such reported taxes.

(3) Executrix's commissions in the amount of $1,015,660.24 paid out of the income of the estate; and (4) Fees of $84,970 paid by the estate for investment management services.

As stated above, this court in its March 23, 1982 adjudication, expressly authorized appellant to settle the stock valuation issue at $31 per share for Federal estate and income tax and Pennsylvania inheritance and income tax purposes. In addition the court confirmed the estate's second account and second account update in which the full amount of the deductions listed in (2) and (4) above were claimed as proper administration expenses by the executrix. The adjudication also authorized the executrix to make payments of the claimed deductions listed in (1) and (3), on the basis that they were reasonable expenditures necessary to preserve the estate within the meaning of §3311 of the PEF Code. The Internal Revenue Service has also determined that all of the claimed deductions set forth above are "administrative expenses" under I.R.C. §2053(a)(2) and has so allowed the estate to claim them. The estate, therefore, has taken all of the aforementioned deductions either as Federal estate tax or Federal income tax deductions.

The issue herein before this court is one of first impression and involves whether certain expenses are deductible from the gross estate as "reasonable expenses of administration" under Article VI of the Pennsylvania Inheritance and Estate Tax Act of 1961.

After carefully considering the arguments presented by counsel for both sides, it is the opinion of this court that upon the precise facts involved herein, the expenses listed above are "reasonable administration expenses of the decedent's Estate,"

within the meaning of §611 of the 1961 Pennsylvania Inheritance and Estate Tax Act. The court notes in reaching this determination that the present holding is narrowly restricted to the facts of this case.

Appellant in taking the present appeal from the Department's Inheritance Tax Assessment takes the position that all of the expenses at issue are reasonable expenses of administration within the meaning of Article VI of the 1961 Act. To support this contention, appellant sets forth the following reasons: (1) §611 establishes rule of general inclusion, encompassing all reasonable administration expenses; (2) the expenses at issue are in fact reasonable administration expenses, as is indicated by anology to PEF Code §3311 and I.R.C. §2053 (a)(2); and the common usage of those terms as they are defined in Webster's dictionary; and (3) no other provision of the 1961 Act specifically excludes these expenses from the category of deductible reasonable expenses of administration.

The department in response argues that (1) the definition of reasonable administration expenses allowable as a deduction for accounting purposes under PEF Code §3311 and Federal estate tax purposes under I.R.C. §2053(a)(2) is not controlling for Pennsylvania Inheritance Tax purposes; (2) the expenses at issue are not reasonable administration expenses; (3) the only expenses allowed for Pennsylvania Inheritance Tax purposes are those expressly permitted under Article VI of the Act, and since nowhere in Article VI are interests on tax deficiencies so allowable they are therefore not deductible; and (4) §622 expressly disallows a deduction for interest on tax deficiencies.

In reaching a decision in this matter, the first issue which must be ruled upon is the department's

claim that interest on the tax deficiencies are expressly disallowed by §622 of the 1961 Act.

Section 622 provides as follows: "State and Foreign Death Taxes. Death taxes, other than Federal Estate tax, disregarding interest and penalty, paid to other states and territories of the United States, and to taxing jurisdictions outside the-United States and its territories, on assets, the transfer of which is subject to tax under this Act, if such taxes are required to be paid to bring the assets into Pennsylvania, or to transfer them to the new owner, shall be deductible."

The department contends that the legislature, by using the phrase " . . . other than Federal Estate tax, disregarding interest . . . " intended to disallow deductions for (1) Federal Estate Taxes and (2) for the interest incurred, not only on Federal estate tax deficiencies, but on *all* tax deficiencies.

The department asserts that the legislature by using the phrase " . . . disregarding interest . . . " in §622, intended a blanket disallowance of interest deductions on all tax deficiencies. In support of this argument the department states that §622 in permitting a deduction for foreign state death taxes, concurrently disallows any deduction for the interest accrued thereon.

The department further argues that the legislature could not have permitted a deduction for interest incurred on a Federal estate tax deficiency after disallowing the deduction for the tax itself and after disallowing interest deduction on other states' death taxes, taxes which are themselves deductible under §622. The department applies this same argument to the interest accrued on the Pennsylvania Inheritance Tax, and the estate's 1977 Federal income tax deficiencies, both of which are nondeductible under §622.

Appellant concedes that §622 clearly excludes Federal Estate Taxes from the phrase "death taxes" which may otherwise be deductible. Appellant contends, however, that had the legislature intended to also exclude "interest and penalty" they would not have used the phrase " . . . other than Federal Estate Tax, disregarding interest and penalty . . . " but would rather have expressly disallowed them by stating " . . . other than Federal Estate Tax, *and* interest and penalty . . . "

Appellant argues that by the use of the word "disregarding" the legislature implicitly left open the possibility that interest or penalty on death taxes, in a proper case would be deductible under some other section of the 1961 Act.

After reviewing the provisions of §622, the court finds that appellant's position properly characterizes the statutory language therein set forth. The court holds, therefore, that contrary to the department's contention, §622 does not expressly disallow interest deductions on tax deficiencies.

The second issue which this court must pass upon is the applicability of §611 of the 1961 Act to the interest deductions herein at issue. Section 611 of the 1961 Act provides as follows: "All reasonable expenses of administration of the decedent's estate and of the assets includible in the decedent's taxable estate shall be deductible." 72 P.S. §2485-611.

Appellant asserts that §611 is a rule of general inclusion, and that all "reasonable administrative expenses" not specifically excluded by any other provision of the Act are deductible, provided they are "administrative expenses" and are "reasonable."

The department in response contends that the only expenses deductible for Pennsylvania Inheritance Tax purposes are those expressly allowed

under Article VI of the Act, and that since nowhere in Article VI is interest on tax deficiencies provided for, they are not deductible.

A cursory reading of §611 clearly indicates that the department's position on this point is erroneous. Section 1611 is a rule of general inclusion whereby all expenses that are reasonable and emanate from the administration of the decedent's estate are deductible provided they have not been specifically excluded elsewhere in Article VI.

The court now turns to the issue of whether the expenses presently in dispute are reasonable expenses of administration within the meaning of §611 of the 1961 Act.

Appellant contends that the interest expenses incurred by the estate during the period that it was (1) contesting its own tax liabilities, and (2) contesting the decedent's personal income tax liability incurred during his lifetime, were all incurred in connection with the management of the estate assets. Appellant makes the same argument with respect to (1) incurring interest on debts of the decedent rather than selling estate assets to raise cash to pay the debts, and (2) borrowing funds and incurring interest in order to pay conceded tax liabilities rather than selling some estate assets to raise cash to pay their liabilities.

In support of this contention appellant relies on: (1) the interpretation given to an analogous phrase in PEF Code §3311 for accounting purposes; (2) the deductibility of these expenses for Federal tax purposes under I.R.C. §2053(a)(2); and (3) the common usage of these terms as defined in Webster's dictionary.

In examining appellant's contentions on the issue of reasonableness, the court first considers appellant's P.E.F. Code section 3311 argument.

Appellant contends that section 611 of the 1961 Act and P.E.F. Code section 3311 should be considered in pari materia since they deal with the same subject matter. For this reason, appellant asserts, "reasonable expenditures" incurred "during the administration of the estate" for purposes of P.E.F. Code section 3311 should be considered reasonable expenses of administration for purposes of section 611 of the 1961 Act.

The department responds to appellant's argument by stating that while such expenses may be deducted for accounting purposes under section 3311, this does not mandate that the same deductions be permitted for Pennsylvania Inheritance Tax purposes. Upon this point the court is in accord with the department's position and therefore holds that although deductions permitted for accounting purposes under P.E.F. Code section 3311 may be considered in determining what are reasonable expenses of administration under section 611 of the 1961 Act, they are not controlling.

The second prong of appellant's argument as to the reasonableness of these administration expenses is based on I.R.C. section 2053 (a)(2). Pursuant to various cases and revenue rulings for the deductibility of administrative expenses under section 2053(a)(2), the I.R.S. now permits the deduction of interest incurred on tax deficiencies as a reasonable administrative expense. Appellant notes that it was on the basis of these very authorities that all of the interest expenses claimed as deductions for Pennsylvania Inheritance Tax purposes in this case were properly determined by the I.R.S. to be deductible as reasonable expenses of administration under I.R.C. section 2053(a)(2).

Appellant asserts that since (1) the requirements for the deductibility of expenses under I.R.C. sec-

tion 2053(a)(2) are identical to those under section 611 of the 1961 Act and (2) there are no Pennsylvania cases specifically addressing the status of interest as a "reasonable expense of administration," then the cases and revenue rulings under I.R.C. section 205(a)(2) should be persuasive.

In response, the department contends that Federal Tax cases, and Revenue rulings interpreting the Code, do not control Pennsylvania courts in interpreting the Pennsylvania Inheritance and Estate Tax Act. Absent any other statements by the department, the court might well agree with the department's position. The department, however, goes on to state that the reason for the lack of Pennsylvania cases on this issue is the express statutory disallowance of interest deductions in section 622. The department concludes by stating "The Department concedes that absent Section 622, the federal cases and Internal Revenue rulings would be persuasive." (Appellees brief at 8 and 9).

Based upon this statement by the department, it is unnecessary to further discuss this issue for this court has already held that the interest expenses here in dispute are not expressly disallowed by section 622. The department therefore, by conceding that absent section 622, I.R.C. section 2053(a)(2) would be persuasive, has effectively concurred with appellant's contention that the Federal view is to be considered as a factor in determining the deductibility of these expenses.

Appellant's final argument on the issue of reasonable administration expenses is based on the common usage of these terms as defined in Webster's Dictionary. Appellant states in his brief, and the department does not contest this point, that all of these items were expenses within the common

usage of that term. The issue then becomes whether these items were expenses of *administration*. The definition of administration set forth in Webster's Dictionary is as follows: (a) The management and disposal under legal authority of the estate of an intestate or of a testator having no competent executor. (b) The management of an estate of a deceased person by an executor. (c) In general, the management of an estate . . . by (a person) legally appointed to take charge of it. Management, as used in the above definition, is defined as the "act or art of managing, the manner of treating, directing or carrying on, or using for a purpose; conduct; control."

Appellant contends that all of the interest expenses incurred by the estate during the period it was contesting its tax liabilities were all incurred in connection with "directing," "carrying on," or "using" the assets pending distribution to the beneficiaries. Appellant further states that there can be no doubt but that the executrix's commissions and investment management fees are administration expenses.

As to the "reasonableness" of these "administration expenses," appellant asserts that the interest expenses in issue were all incurred in accordance with rates fixed by statute or in arms length dealings with unrelated lenders and are therefore prima facie reasonable. With respect to the executrix commissions and the management fees, their reasonableness is evidenced by the fact that both the I.R.S., and this court in its March, 1982 adjudication, determined that these expenses were reasonable and therefore deductible. Appellant notes that the total commissions paid to the executrix including the commissions on income amounted to $2,162,169.12, approximately two

percent of the total gross estate for Pennsylvania Inheritance Tax purposes.

In view of the size of this estate, the responsibilities assumed, and the favorable results obtained on the sale of the estate's main asset, appellant asserts that the commissions and fees were reasonable within the meaning of section 611.

Appellant concludes by stating that contrary to the department's assertions, the fact that some of the claimed deductions were paid from the income of the estate rather than principal, is irrelevant since section 601 of the 1961 Act allows the deduction of allowable expenses "regardless of whether or not the assets comprising the decedent's taxable estate are employed in the payment or discharge of the deductible items."

The department in opposition to the appellant's assertions states that interest expenses on tax deficiencies are not the type of administrative expenses intended by the legislature to be deductible under section 611. The department cites the official comment to section 611 which states " . . . Administration expenses *include* but are not limited to . . . " (Emphasis supplied.) and then goes on to cite a list of deductible administration expenses.

Although the department clearly concludes that this list is not all inclusive, it nevertheless contends that this comment was intended to include *all types* of deductible expenses, and since none of the expenses set forth in the comment resemble interest expenses, this indicates the legislature's intent that these expenses be nondeductible.

The department further argues that since the Pennsylvania Inheritance Tax is a tax upon the transfer of property passing from the decedent upon his death, and not a tax upon the income generated by the assets after the decedent's death, the interest

deductions incurred in maximizing the income production of the estate cannot be deductible from the Pennsylvania Inheritance Tax. The department asserts that these interest expenses should be deducted on the estate's State and Federal Income Tax Returns and not on the Pennsylvania Inheritance Tax Return. In conclusion, the department argues that it would be illogical to charge interest on taxes due and then allow that very interest to reduce the taxable amount.

As to the investment management fees, the department claims that since the Kewanee stock, the major asset of decedent's estate, was sold in 1977, the investment management fees here at issue were paid not to protect any specific asset of the estate but rather to maximize the estate's income and thus these fees should be deducted on the estate's income tax return, not the inheritance tax return. Appellant in rebuttal states that the 1977 sale resulted in the estate's receipt of over $112,000,000 in cash, that the personal representative had the responsibility to invest this money prudently, that the services of an investment advisor were clearly necessary and therefore that this expense was reasonable.

The department concludes its argument by stating that the executrix's commissions were too high and were unreasonable in light of the fact that she was partially removed from her duties as executrix.

The first issue to be passed upon in determining whether these expenses are "reasonable expenses of administration" under section 611, is appellant's final argument that these expenses come within the common usage of those terms as defined in Webster's Dictionary. The department in responding to appellant's contentions did not rebut this assertion, choosing rather to rely on its own argu-

ments. The court therefore after hearing appellant's argument finds that the expenses at issue do fit the definition of reasonable administration expenses as those terms are commonly used.

As to the department's responsive argument that the expenses at issue were not of the type intended by the legislature to be deductible, the court finds the department's position without merit. The department's reliance on a comment to the 1961 Act which prefaces its illustrative list of reasonable administrative expenses with the cautionary phrase "includes but is not limited to," is clearly erroneous. The court finds that this comment was meant only to provide some helpful examples of reasonable administrative expenses and was in no way meant to be exclusive.

The court similarly finds that the following contentions asserted by the department: (1) that the interest expenses in dispute should be deducted on the estate's State and Federal Income Tax Returns rather than the Pennsylvania Inheritance Tax Return; and (2) that it would be illogical to charge interest on taxes due and then allow that interest as a deduction, are unsupported and without substance. Likewise, the department's arguments concerning the investment management fees and executrix's commissions are unfounded and are dismissed with prejudice.

Upon the basis of all the aforementioned arguments presented by counsel for both sides, the court finds that in the precise factual situation involved in this case, all of the expenses in dispute were reasonable expenses of administration as that term is used in section 611 of the Pennsylvania Inheritance and Estate Tax Act of 1961. In so holding the court reiterates its earlier statement that the decision today is restricted to the facts of this case.

## DECREE NISI

And now, November 23, 1982, it is hereby ordered and decreed that the appeal of George J. Hauptfuhrer, Jr., administrator pro tem of the estate of William Wikoff Smith, deceased, from the inheritance tax assessment of the Commonwealth of Pennsylvania, Department of Revenue is sustained.

This decree shall become final ten days from now unless written exceptions are filed hereto.